UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BANNECK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Defendant. | Case No. 3:17-cv-04657-WHO<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 61 |

## BACKGROUND

Banneck filed this purported consumer class action against Federal National Mortgage Association ("Fannie Mae") asserting two claims under the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 et seq. (CCRAA) and one claim under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA). He alleges that Fannie Mae's Desktop Underwriter ("DU") system, which lenders use to determine whether an applicant's loan is eligible for purchase by Fannie Mae, generated a DU Findings Report that inaccurately identified his prior short sale as a foreclosure and impacted his ability to have his loan application approved. He also contends that Fannie Mae prohibits mortgage originators from providing consumers with a copy of the information included in the DU Findings Report in violation of the CCRAA and FCRA.

On May 18, 2018, I denied Fannie Mae's motion to dismiss Banneck's claims, rejecting its argument that the penalty bar under the Housing and Economic Recovery Act of 2008 (HERA), 12 U.S.C. § 4617(j)(4) precludes his requests for statutory damages and injunctive relief; I granted its request to dismiss Banneck's requests for other forms of equitable relief. Order on Mot. to Dismiss Am. Compl. ("Order")(Dkt. No. 58).

On June 4, 2018, the Federal Housing Finance Agency (FHFA) filed a motion to intervene

in its capacities as regulator and conservator of Fannie Mae. Mot. to Intervene ("Mot.")(Dkt. No. 61). FHFA seeks to intervene for the express "purpose of filing a motion pursuant to 28 U.S.C. § 1292(b), requesting that the Court amend its May 18, 2018 order ("Order") to add the language necessary to certify the Order as appealable." Mot. at 1. FHFA wishes to appeal my conclusions that FCRA's statutory damages are not "in the nature of penalties" for purposes of 12 U.S.C. § 4617(j) and that 12 U.S.C. § 4617(f) was inapplicable to the injunctive relief sought by Banneck. *Id*.

For the reasons stated below, FHFA's motion to intervene is GRANTED. But it must separately file a motion seeking to appeal the Order—I will not merely "add the language necessary to certify the Order as appealable." Because this matter is suitable for determination without oral argument, the hearing is VACATED. Civil L. R. 7-1(b).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 includes provisions for intervention of right and permissive intervention. "On timely motion," the court must permit anyone to intervene as a matter of right who:

> **(1)** is given an unconditional right to intervene by a federal statute; or
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The rule governing permissive intervention indicates that the court has discretion to allow one to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1). It also grants the court discretion to permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> **(A)** a statute or executive order administered by the officer or agency; or
> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

2

Fed. R. Civ. P. 24(b)(2). When analyzing a timely motion to intervene under the permissive guidelines, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**DISCUSSION**

FHFA argues that its intervention is "warranted under any of four grounds": (1) as a right under Rule 24(a)(1) because it has a statutory right to intervene as Fannie Mae's conservator in any action in which Fannie Mae is a party; (2) as a right under Rule 24(a)(2) because it meets those requirements as regulator and conservator; (3) because it meets the requirements for permissive intervention under Rule 24(b)(1) as regulator and conservator; and (4) because it meets the requirements for permissive intervention by a government agency under Rule 24(b)(2) in its capacity as regulator. Mot. at 1.

Banneck does not offer any substantive arguments against any of the grounds under which FHFA seeks to intervene; rather, he contends that the motion is untimely, futile, and unnecessary. Opp'n to Mot. to Intervene (Dkt. No. 69). But Banneck offers no binding precedent sanctioning the consideration of futility or necessity when analyzing a motion to intervene. *See* Opp'n at 6 (citing second circuit cases and district court cases from Hawaii, New York, and Kansas considering futility when ruling on a motion to intervene); *id*. at 7 (citing no cases in support of his necessity argument). I see no reason to consider those arguments.

I must, however, consider his timeliness arguments. "Intervention, both of right and by permission, can occur only '[o]n timely motion.'" *Peruta v. Cty. of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014)(quoting Rule 24). "Timeliness is determined with reference to three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Id*.

Banneck argues that all three factors indicate that the motion is untimely, but "in particular, the first and third factors weigh heavily against intervention." Opp'n at 3. On the first factor, he argues that "the stage of the proceeding" should be considered relative to the timeline underlying the motion to dismiss, since FHFA seeks to intervene for the limited purpose of appealing the

3

Order on that motion. *Id.* But the Ninth Circuit has found "a post-judgment motion to intervene to be timely if filed within the time limitations for filing an appeal." *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 719 (9th Cir. 1994). The court explained that "the government promptly filed its motion after the dismissal of the case with prejudice and thus seeks to intervene for purpose of appeal at an appropriate stage of the proceedings…." *Id.* Similarly, the government filed its motion to intervene after my Order and seeks to intervene for the purpose of appealing that Order. This is "an appropriate stage of the proceedings[.]"

Moving on to the second factor, "prejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). "[T]he only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult[ ].'" *Id.* The only prejudice identified by Banneck is the "time and resources" the parties will have to devote to FHFA's motion for certification and "a potential appeal, while discovery is already underway." Opp'n at 4. But, as FHFA underscores, this potential prejudice is not attributable to the timing of FHFA's motion, which is the only prejudice that's pertinent to the analysis. *See Smith*, 830 F.3d at 857.

As for the third factor, Banneck contends that the FHFA "provides no explanation for the unreasonable delay of its motion to intervene until after the Court's unfavorable decision." Opp'n at 4. But FHFA counters that "FHFA typically does not intervene in a case unless and until it is clear that the case could have significant consequences." Reply at 3. And it insists that "[t]his approach benefits the judicial system as well." *Id.* I find this reason justified and the length reasonable. Further, since FHFA has an "unconditional right" to intervene as a right as conservator under HERA, *see* 12 U.S.C. § 4617(b)(2)(A)(i), 12 U.S.C. § 4617(b)(2) (B)(i), "the timeliness requirement … should be treated more leniently… ." *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984); *see Oakland Cty. v. Fed. Nat. Mortg. Ass'n*, 276 F.R.D. 491, 495 (E.D. Mich. 2011)("This Court views Congress's broad grant of authority to the Agency under 12

4

U.S.C. § 4617(b)(2)(A)(i), (b)(2)(B)(i) to include the right to participate in the defense of Fannie Mae and Freddie Mac's assets.").

## CONCLUSION

In accordance with the forgoing, FHFA's motion to intervene is GRANTED. It must separately file a motion seeking to appeal the Order

**IT IS SO ORDERED.**

Dated: July 13, 2018

William H. Orrick
United States District Judge