UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BANNECK,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Defendant. | Case No. 17-cv-04657-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY MAY 18, 2018 ORDER FOR INTERLOCUTORY REVIEW**<br><br>Re: Dkt. No. 76 |

## INTRODUCTION

Intervenor, the Federal Housing Finance Agency ("FHFA"), requests an amendment to the May 18, 2018 Order adding language that "the court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This would certify an interlocutory review of the Order and resolve two controlling questions of law: (i) whether 12 U.S.C. § 4617(f) (the "Equitable Relief Bar") prohibits injunctive relief against defendant Federal National Mortgage Association ("Fannie Mae") while in an FHFA conservatorship; and (ii) whether 12 U.S.C. § 4617(j)(4) (the "Penalty Bar") prohibits statutory damages against Fannie Mae while in an FHFA conservatorship. These are not controlling questions of law and an interlocutory appeal would protract this litigation. For the reasons discussed below, the motion to certify the May 18, 2018 Order for interlocutory review under 28 U.S.C. § 1292(b) is DENIED.

**BACKGROUND[1]**

Banneck filed his consumer class action against Fannie Mae on August 12, 2017, asserting two California Consumer Credit Reporting Agencies Act ("CCRAA") claims and one claim under the federal Fair Credit Reporting Act ("FCRA"). *See* Compl. (Dkt. No. 1). He alleged that Fannie Mae's Desktop Underwriter ("DU") system, used by lenders to determine loan eligibility, generated DU Findings Reports that inaccurately identified sales as foreclosures and prevented consumers from getting loan applications approved. He also claimed that Fannie Mae prohibited mortgage originators from giving consumers a copy of their DU Findings Reports.

After an initial motion to dismiss, Banneck amended his complaint on March 21, 2018. *See* Amended Compl. (Dkt. No. 45). Fannie Mae filed a second motion to dismiss asserting that it was not subject to the CCRAA and FCRA. According to Fannie Mae, under the Housing and Economic Recovery Act of 2008 ("HERA") it could not be liable for statutory damages due to the Penalty Bar, or injunctive relief due to the Equitable Relief Bar. *See* Mot. to Dismiss Amended Compl. (Dkt. No. 49).

On May 18, 2018, I denied Fannie Mae's second motion to dismiss, finding the statutory damages claim for alleged FCRA violations against Fannie Mae did not implicate HERA's Penalty Bar. I also found HERA's Equitable Relief Bar did not preclude Banneck from seeking injunctive relief under CCRAA. In response to the May 18, 2018 Order, FHFA moved to intervene as conservator for Fannie Mae, seeking interlocutory review of the prior Order. *See* Mot. to Intervene (Dkt. No. 61).

**DISCUSSION**

For the court to certify the two questions FHFA seeks to resolve by interlocutory review, there must be: (i) a controlling question of law; (ii) substantial grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Generally, interlocutory review is applied "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive

---

[1] The facts in this case were summarized at length in the May 18, 2018 Order on Motion to Dismiss Amended Complaint. *See* Order (Dkt. No. 58).

litigation. It was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Certification is at the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). I find FHFA has not met its burden of satisfying all three requirements to justify the extraordinary remedy it seeks.

## I. CONTROLLING QUESTION OF LAW

The first requirement that FHFA raise a controlling question of law is satisfied if "resolution of the issue on appeal could materially affect the outcome of the litigation." *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The challenged issues need not be dispositive of the entire lawsuit to be controlling. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Even though there is no definition of a controlling question of law, examples include fundamental inquiries like "who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Cement Litig.*, 673 F.2d at 1026 (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)). Relevant to the issues in this case, where an outcome "would not result in the wrong party prevailing, but rather the calculation of any potential final judgment," it does not rise to the level of a controlling question of law materially affecting the outcome of the litigation. *Zulewski v. Hershey Co.*, Case No. 11-cv-05117-KAW, 2013 WL 1334159, at *1 (N.D. Cal. Mar. 29, 2013).

FHFA argues that its appeal would "materially affect the outcome of the litigation" because a reversal would require the dismissal of Banneck's claims for statutory damages and injunctive relief. *See* Mot. at 5. Banneck responds that the claims will proceed on actual damages regardless of such an appeal, and that the questions for which FHFA seeks review are not substantially the same as exemplary controlling questions of law previously identified by the Ninth Circuit. *See* Reply at 3–4.

Some courts have adopted the view that a question is controlling if a resolution "may appreciably shorten the time, effort, or expense of conducting a lawsuit," as FHFA argues, but the Ninth Circuit has rejected this approach in analyzing the first requirement of a controlling question of law. *Cement Litig.*, 673 F.2d at 1027 (finding that the focus on time, effort, or expense is

3

"essentially reading the controlling question of law" requirement out of section 1292(b)."). Regardless of the result on appeal, Banneck's claims under the CCRAA and FCRA would remain. Certifying an interlocutory appeal would not necessarily avoid the protracted litigation of this case to determine other remedies like actual damages.

Additionally, before I would even reach the question of an appropriate remedy, Banneck still must establish defendant's liability. *See* Order at 14–15 (finding "if Fannie Mae has acted beyond, or contrary to, its statutorily prescribed, constitutionally permitted, powers or function[,] it would not be protected by HERA." (internal quotations omitted)). FHFA is correct that an immediate appeal would, if successful, preclude statutory damages due to the Penalty Bar and injunctive relief due to the Equitable Relief Bar, but "in the name of avoiding costly litigation [ ] it ignores the chance that this Court might resolve the matter at the liability phase. *F.T.C. v. Swish Mktg.*, Case No. 09-cv-03814-RS, 2010 WL 1526483, at *2 (N.D. Cal. Apr. 14, 2010). Accordingly, FHFA has not persuasively demonstrated to me that the issues for which it seeks an interlocutory review are controlling questions of law.

## II. SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION

A substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented" on which "fair-minded jurists might reach contradictory conclusions." *Reese v. BP Exploration (Ak.) Inc.*, 643 F.3d 681, 688 (9th Cir. 2001). Some examples of substantial ground for difference of opinion include cases in direct conflict with the holding in the Order sought for interlocutory review, or a split in authority on the questions posed. *See Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2014 WL 4244045, at *2 (N.D. Cal. Aug. 25, 2014). "A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

FHFA argues there are reasonable alternatives to the questions it seeks for certification, because courts have not definitively ruled on these points of law. On the first question, whether the Equitable Relief Bar prohibits injunctive relief against Fannie Mae while in an FHFA conservatorship, the May 18 Order found that the Ninth Circuit's analysis of a similar provision,

§1821(j), did not extend a bar to injunctive relief in situations where the receiver asserts authority beyond what was granted to it as a receiver. *See* Order at 14 (citing *Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1155 (9th Cir. 1997). By its reference to analysis of § 1821(j), the Ninth Circuit made it clear that the Equitable Relief Bar turned on an agency acting within, or beyond, "its statutorily prescribed, constitutionally permitted, powers or functions." *Sharpe*, 126 F.3d at 1155; *see also Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) (holding Section 1821(j) barred a request for rescission because "the FDIC was acting well within its broad statutory powers as receiver when it sold the HUD partnerships."). I do agree with FHFA that there are grounds for difference of opinion on injunctive relief. I applied § 1821(j) by analogy to the question of HERA's Equitable Relief Bar due to an absence of direct authority, and there is a split in the circuits analyzing that statute.

As for the second question of law, whether the Penalty Bar prohibits statutory damages against Fannie Mae while in an FHFA conservatorship, there is not the same degree of uncertainty in the Ninth Circuit. FHFA does not provide case law demonstrating a recognized circuit split. The May 18 Order discussed how the Ninth Circuit's decision in *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010), demonstrated that the provisions are not punitive and therefore, the Penalty Bar was inapplicable. The Order also cited several cases from other circuits consistent with the analysis in *Bateman*. *See* Order at 7–8. FHFA's desire to certify the second question for interlocutory review is merely a disagreement with my prior ruling, not a substantial ground for difference of opinion.

### III. MATERIAL ADVANCEMENT

The final requirement that an appeal must be "likely to materially speed the termination of the litigation" is related to the first requirement that there be a controlling question of law. *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2016 WL 777775, at *3 (N.D. Cal. Feb. 29, 2016) (quoting *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015)). Considering the effect of a reversal on the case, an interlocutory appeal materially advances the termination of the litigation where it "promises to advance the time for trial or to shorten the time required for trial." *Dukes v. Wal-Mart Stores, Inc.*, 01-cv-02252-CRB, 2012 WL 6115536, at *5

1  (N.D. Cal. Dec. 10, 2012) (quoting 16 Federal Practice & Procedure § 3930 at n. 39 (2d ed.)).

FHFA contends that resolving the questions of Banneck's entitlement to statutory damages and injunctive relief in its favor would advance the termination of this litigation because only claims of actual and compensatory damages would remain. *See* Mot. at 12-13. It also suggests that without an immediate appeal these issues would languish through summary judgment and class certification and evade review until a final judgment, long after substantial time and resources are poured into the litigation. In response, Banneck argues that regardless of the outcome on appeal, his claims will continue either as is or with limited remedies that will still need to be resolved through litigation.

Particularly relevant to the Penalty Bar issue, "most courts have found that damages do not constitute 'material advancement.'" *Zulewski*, 2013 WL 1334159, at *2 (finding any reversal would only reduce damages but not resolve entire causes of action or the litigation of the substantive claim); *see also Sonoda v. Amerisave Mortg. Corp.*, 11-cv-1803-EMC, 2011 WL 3957436, at *3 (N.D. Cal. Sept.7, 2011) (finding unspecified damages are insufficient to create exceptional circumstances); *Swish Mktg.*, 2010 WL 1526483, at *4 (finding the issue of an appropriate remedy is not exceptional when liability has not yet been established).

The Ninth Circuit's decision on the proposed interlocutory appeal would not resolve liability and the remaining damages issues at trial, no matter the outcome reached on the possibility of recovering statutory damages or injunctive relief. *See Swish Mktg.*, 2010 WL 1526483, at *4 (finding the issue is not exceptional when liability has not yet been established); *see also Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451-RMW, 2013 WL 3568314, at *3 (N.D. Cal. July 12, 2013) ("The possibility of avoiding some liability does not comport with the purpose of § 1292(b) certification, which is to be used only in 'exceptional circumstances' not present here."). An interlocutory appeal would not satisfy the "material advancement" factor.

**CONCLUSION**

For the reasons stated, the motion to certify the May 18 Order for interlocutory review is DENIED.

**IT IS SO ORDERED.**

Dated: October 29, 2018



William H. Orrick
United States District Judge